FILED

2010 Jan-26  PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

CANAL INDEMNITY COMPANY,

     Plaintiff,

vs.                                                    CASE NO. CV-09-J-185-NE

RAYMOND SEARCY, as
ADMINISTRATOR of the ESTATE of
DOUGLAS SEARCY, D.L. ACTON
CONSTRUCTION COMPANY, INC.,
JUANITA ATKINS d/b/a ATKINS &
SONS CONSTRUCTION CO.,

     Defendants.

## MEMORANDUM OPINION

Pending before the court are defendant D.L. Acton Construction Company, Inc.'s motion for summary judgment, evidentiary submissions and memorandum of law (doc. 26); plaintiff's motion for summary judgment, evidentiary submissions and memorandum of law (doc. 27), D.L. Acton Construction Company, Inc.'s response to plaintiff's motion (doc. 31) and plaintiff's reply (doc. 32).

### I.  Factual Background

The plaintiff filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, asserting this court has diversity jurisdiction under 28 U.S.C. § 1332.  This case arises from a dispute concerning the rights and duties between the parties

pursuant to a contract of insurance between plaintiff and defendant Juanita Atkins d/b/a Atkins & Sons Construction Co. ("Atkins") and the subcontract between defendant D.L. Acton Construction Company, Inc. ("Acton") and Atkins. The underlying facts giving rise to this action are not in dispute.

Acton, as General Contractor on a condominium construction project in Athens, Alabama, hired Atkins as a subcontractor to install siding on the outside of the condominiums. Douglas Searcy ("decedent") was employed by Atkins. On November 25, 2005, Atkins' employees, included decedent, were working from a third story exterior walkway installing siding on the condominiums, when the ladder on which decedent was standing slipped, and both decedent and the ladder went through the guardrails and fell, causing the death of decedent. K. Atkins depo. at 27, 41-47, 56-57, 82. The parties do not dispute that Acton was the general contractor for the project, nor that Acton undertook to install the guardrails. No one from Acton was directly supervising Atkins' work on that day. D. Acton depo. at 106.

The evidence further establishes that Acton constructed or supervised the construction of the guardrails, but there is no evidence as to whether they were negligently constructed. K. Atkins depo. at 62-63, 84; D. Acton depo. at 46, 66, 76. According to Acton, the guardrails had no bearing on the decedent's death. The guardrails are designed for 200 pounds, the decedent weighed about 250, and just

2

"blew through these two handrails." D. Acton depo. at 91-92. Basing guardrails on 200 pounds is a construction industry practice. D. Acton depo. at 92. Acton was cited by OSHA for the guardrails. D. Acton depo. at 58-59. According to Acton, this was not directly related to the accident, but resulted from Atkins putting up scaffolding on the walkways in a way that put them working above the guardrails, which is an OSHA violation. *See e.g.*, D. Acton depo. at 63; exhibit E to doc. 27. Acton was responsible for providing a safe general work area. D. Acton depo. at 45-46. Atkins was also cited by OSHA for violations on the job site. K. Atkins depo. at 78.

Raymond Searcy, as administrator of the estate of decedent, filed suit in the Circuit Court of Limestone County, Alabama, stating claims for negligent supervision and wantonness against Acton. Specifically, the state court complaint alleges in relevant part:

> 7. The Defendant, D.L. Acton Construction Company, Inc., as the general contractor ... undertook to supervise and control the manner and methods in which work was performed .... The Defendant ... breached this duty by failing to provide a safe work environment and failing to follow applicable OSHA rules and regulations with regard to maintaining adequate protection around the balcony and property where the incident occurred. Specifically, the Defendant ... was negligent in not ensuring the balcony had sufficient guardrails in place, and in failing to take other safety precautions to prevent workers from falling approximately twenty-seven feet....

Plaintiff exhibit A.

As a condition of Atkins' obtaining the subcontract work on the condominium project, it named Acton as an "additional insured" on the Commercial General Liability policy it obtained with plaintiff. *See* plaintiff exhibit G, Endorsement GL 23, Article 3. Also pursuant to the subcontract, Atkins agreed to defend and indemnify Acton from all claims arising from bodily injury or death resulting from the work under the subcontract. Plaintiff exhibit H, Article 7. Based on these conditions of the subcontract, when the state court action was filed against Acton, Acton filed a third party complaint against Atkins asserting breach of contract for failure to defend and indemnify.[1] Plaintiff exhibit I. Thereafter, plaintiff agreed to defend Atkins and Acton under a full reservation of rights. Plaintiff's memorandum, ¶¶ 15-16.

Plaintiff filed this declaratory judgment action seeking a ruling that the Commercial General Liability ("CGL") policy provides no coverage to Acton as an additional insured and thus it has no duty to defend or indemnify Acton. Additionally, plaintiff seeks a ruling that it has no duty to defend or indemnify Atkins under the terms of the insurance policy.

---

[1]The third party complaint was submitted as an exhibit with this court in an undated, unfiled format.

4

The "additional insured" section states as follows:

It is agreed that Section II Who is an Insured is amended to include as an insured the person or organization shown in the SCHEDULE as an insured but only with respects to liability arising out of the Named Insured's operations or premises owned by or rented to the Named Insured.  The Insurance afforded by this endorsement .... shall not apply to damages arising out of the negligence of the person(s) or organization(s) added by this indorsement.

It is further understood and agreed this insurance does not apply to "Bodily Injury" or "Property Damage" arising out of any act or omission of the ADDITIONAL INSURED(S) or any of their "employees", **other than the general supervision by the additional insured(s) of your ongoing operation performed for the ADDITIONAL INSURED(S).**

Plaintiff exhibit G (emphasis added).

The general policy reads in relevant part:

**SECTION 1 - COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damages" to which this insurance applies....

**2.  Exclusions**

This insurance does not apply to:

**b.  Contractual Liability**

"Bodily injury" ... for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in absence of the contract or agreement; ...

### e. Employer's Liability

"Bodily injury" to:

(1)  An "employee" of the insured arising out of and in the course of:

> (a) Employment by the insured; or

> (b) Performing duties related to the conduct of the insured's business ...

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Plaintiff exhibit G.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). An issue is material if it is a legal

element of the claim under the applicable substantive law which might affect the outcome of the case.  It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir.1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the nonmovant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element *essential to that party's case sufficient to sustain a jury verdict.* See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990).  In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct.

2505, 2511 (1986).  Speculation does not create a genuine issue of fact.  *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11ᵗʰ Cir.2005).

## III.  LEGAL ANALYSIS

Because this case was submitted to the court on cross-motions for summary judgment, and the court finds that the underlying facts of this case are not in dispute, the court finds that this case may be wholly resolved by ruling on the pending motions.

Under Alabama law, an insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint about the facts which gave rise to the cause of action against the insured. *American States Ins. Co. v. Cooper*, 518 So.2d 708, 709 (Ala.1987).  If the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured.  *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank,* 928 So.2d 1006, 1009 (Ala.2005), citing *Ladner & Co. v. Southern Guar. Ins. Co.*, 347 So.2d 100, 102 (Ala.1977).   However, it is the facts, not the legal phraseology, that determine whether an insurer has a duty to defend its insured in the action.  *Hartford Cas. Ins. Co.*, 928 So.2d at 1012.

Additionally, under Alabama law, exclusions must be interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company that drafted and issued the policy. *Cincinnati Ins. Co. v. Lee Anesthesia, P.C.* 641 So.2d 247, 249 (Ala.1994); *Guaranty National Ins. Co. v. Marshall County Brd. of Ed.,* 540 So.2d 745, 748 (Ala.1989); *Alliance Ins. Co. v. Reynolds*, 494 So.2d 609 (Ala.1986). The burden of proving applicability of a policy exclusion rests with the insurer. *Acceptance Ins. Co. v. Brown*, 832 So.2d 1, 12 (Ala.2001).

In the insurance context, Alabama law provides that "[t]he issue whether a contract is ambiguous or unambiguous is a question of law for a court to decide.... If the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court." *Ohio Cas. Ins. Co. v. Holcim (US),* 2007 WL 2807570, *6 (S.D.Ala.2007) (quoting *Nationwide Ins. Co. v. Rhodes*, 870 So.2d 695, 696-97 (Ala.2003)); *see also B.D.B. v. State Farm Mut. Auto. Ins. Co.*, 814 So.2d 877, 879 (Ala.Civ.App.2001) ("The interpretation of an insurance contract presents a question of law"). A court must enforce the insurance policy as written if the terms are unambiguous. *Rogers v. State Farm Fire and Cas. Co.,* 2007 WL 2966694, *8 (Ala.2007); citing *Safeway Ins. Co. of Alabama v. Herrera*, 912 So.2d 1140, 1143 (Ala.2005). See also *State Farm Fire and Casualty*

9

*Co. v. Davis*, 612 So.2d 458, 466 (Ala.1993 ("if a contract is plain and free from ambiguity ... there is no room for construction, and it is the duty of the court to enforce it as written").  Whether a clause in an insurance policy is ambiguous is a question of law to be decided by the trial court.  *Auto-Owners Ins. Co. v. American Cent. Ins. Co.,* 739 So.2d 1078, 1081 (Ala.1999); *First Mercury Syndicate, Inc. v. Franklin County*, 623 So.2d 1075 (Ala.1993).

Plaintiff asserts that the relevant policy language precludes coverage both for the claims against Acton in state court, and for Acton's third-party claim against Atkins for indemnity.  The court addresses each of these assertions in turn.

**A.  Whether the plaintiff has a duty to defend or indemnify Acton:**

The plaintiff asserts that while Acton is named as an "additional insured" under its policy with Atkins, that coverage is limited to situations where Acton is liable for the conduct of Atkins, and not its own negligence.  Acton asserts that because the underlying lawsuit alleges that Acton "undertook to supervise and control the manner and methods in which work was performed," coverage within the "additional insured" clause is clear.  In contrast, Canal asserts Acton was not acting within a supervisory capacity at the time of the injury.

In *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank,* the Alabama Supreme Court unequivocally stated that

10

[T]his Court has never held that, even though the allegations of the complaint *do* allege a covered accident or occurrence, the courts may consider evidence outside the allegations to disestablish the duty to defend....

... If the allegedly injured person's complaint against the insured alleges a covered accident or occurrence, then the insurer owes the duty to defend even though the evidence may eventually prove that the gravamen of the complaint was not a covered accident or occurrence.

*Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So.2d 1006, 1010 (Ala.2005) (emphasis in original)(citations omitted).

Whether Acton undertook to provide general supervision to Atkins in its role as general contractor is a question of fact best left to the trial court in the underlying lawsuit. The underlying complaint clearly sets forth an allegation that Acton undertook such a duty, and that the proper installation of guardrails was part of this duty. Should a jury so find, that set of facts would be within the "general supervision" language of the "additional insured" clause of the policy. Similarly, should a jury resolve this factual issue in the negative, then Canal would have no further obligation under this policy to Acton.

Canal also argues that the contractual liability exclusion excludes coverage to Acton, assumably even if the allegations of the underlying complaint are within the general supervision language of the "additional insured" clause. That exclusion states that the insurance does not apply to "'bodily injury' ... for which the insured is

11

obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages (1) That the insured would have in absence of the contract or agreement..."

Canal asserts that this clause precludes coverage for Acton because Acton's contract with Atkins is not within the exceptions to this exclusion.  However, this argument ignores that any liability Acton has is not based on an assumption of liability under a contract, but because Acton has been sued for negligent site supervision by the decedent's estate.[2]

Having considered the foregoing, the court is of the opinion that canal has a duty to defend Acton in the state court action for the reasons set forth herein.  The court is further of the opinion that, for the same reasons, Canal has a duty to indemnify Acton, should a jury rule in favor of the decedent's estate in the state court action.  The court shall enter such a ruling accordingly, by separate order.

## B.  Whether Canal's policy provides coverage to Atkins:

Canal asserts that to the extent Atkins seeks coverage for decedent's injuries, those injuries are covered by the Alabama Worker's Compensation Act and hence not recoverable under the CGL policy in question.  The court agrees.  Similarly, Atkins

---

[2]This argument is more applicable to the issue of whether plaintiff has a duty to defend and indemnify Atkins.

was not sued by decedent's estate in the state court action and there is no allegation

in that case that Atkins was negligent.  Thus, any potential liability of Atkins arises

not be through the state court complaint, but rather through its indemnity agreement

with Acton as part of the subcontract these parties entered.  That subcontract states:

> To the fullest extent permitted by law, the Subcontractor shall defend,
> indemnify and hold harmless the Contractor... from and against any and
> all claims, losses, suits, damages, judgments and expenses, including but
> not limited to attorney's fees, on account of or by reason of bodily injury
> or death to any person or persons, and injury to or destruction of
> property ... arising out of or occurring in connection with the
> performance of the Work to be done pursuant to the Subcontract,
> whether caused or contributed to, or alleged to have been caused or
> contributed to, by the active, passive, sole or concurrent negligence or
> breach of any duty... on the part of the Contractor or its agents...

Plaintiff exhibit H, Article 7.

Under Canal's interpretation, the assumption of liability by Atkins in the

Subcontract falls within the insurance policy exclusions for bodily damages for which

the insured is obligated to pay due to the assumption of liability under a contract. The

exclusion in question states:

**2.  Exclusions**

This insurance does not apply to:

**b.  Contractual Liability**

"Bodily injury" ... for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1) That the insured would have in absence of the contract or agreement; ...

### e.  Employer's Liability

"Bodily injury" to:

(1)  An "employee" of the insured arising out of and in the course of:

> (a) Employment by the insured; or

> (b) Performing duties related to the conduct of the insured's business ...

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Plaintiff exhibit G to doc. 27.

Under the unambiguous terms of the insurance contract, had decedent's estate sued Atkins for damages, Canal would have no duty to defend or indemnify Atkins because of the above exclusions.  However, that is not the scenario before the court. Decedent's estate has sued Acton, asserting Acton's own actions caused decedent's fatal injuries.  Canal is asserting that since any liability of Atkins, its own insured, for

any liability Acton may be found to have, arises from the subcontract between Acton and Atkins, Canal can have no liability to defend or indemnify Atkins, based on policy exclusions.  In other words, Canal is claiming it is a third-party beneficiary of the subcontract between Acton and Atkins.  As such it argues that, should Acton be found liable in state court, and should Acton assert its right to indemnification under the Subcontract, Canal claims it has no duty to indemnify Atkins for such liability.

Alabama law clearly anticipates such third party beneficiary suits in the realm of insurance.  *See e.g., Airlines Reporting Corporation v. Higginbotham*, 643 So.2d 952, 954 (Ala.1994), citing *State Farm Fire & Casualty Co. v. Green*, 624 So.2d 538 (Ala.1993).  However, a party seeking to recover in contract as a third-party beneficiary must establish that the contracting parties intended, at the time of the contract, to bestow a direct, as opposed to an incidental, benefit on him. *Weathers Auto Glass, Inc. v. Alfa Mutual Insurance*, 619 So.2d 1328 (Ala.1993); *Colonial Bank v. Ridley & Schweigert*, 551 So.2d 390 (Ala.1989).   There is no evidence before this court which would support that Atkins and Acton, at the time they entered the subcontract, intended to bestow a direct benefit upon Canal.

## IV.  Conclusion

Having considered the arguments of the parties, the facts of this case and the relevant law, the court finds that the plaintiff retains the obligation to defend Acton

in the state court action, and should a jury find Acton liable, the duty to indemnify Acton.  Thus, the court is of the opinion that defendant Acton's motion for summary judgment is due to be granted and that plaintiff's motion for summary judgment against Acton is due to be denied.  The court shall so Order.

The court is further of the opinion that the plaintiff's motion for summary judgment against Atkins is due to be denied, and shall so Order.

**DONE** and **ORDERED** this the 26th  day of January, 2010.

_____
          INGE PRYTZ JOHNSON
          U.S. DISTRICT JUDGE

16